UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBO'S DRUGS, INC.,

     Plaintiff,

v.                           Case No. 8:17-cv-372-T-33AEP

ST. JOHN'S UNIVERSITY, et al.,

     Defendants.

_____/

**ORDER**

     This matter comes before the Court sua sponte. Just under
four months ago, on March 1, 2017, the Court entered its
Scheduling Order (Doc. # 9), which is specifically designed
for this type of action. Among other things, the Scheduling
Order referred the action to mediation before Peter J. Grilli.
(Id. at ¶ 4). The Scheduling Order further ordered:

> 12. Results of Mediation: **Lead Counsel must file a
> notice** informing the Court **of the results of
> mediation within twenty-four hours from the
> conclusion of the mediation** conference. **In the
> event mediation does not result in settlement** of
> th[e] action, **the parties must conduct a case
> management meeting immediately after the mediation
> conference**, during which the parties shall jointly
> prepare the attached fast-track case management
> report. **The parties shall file the completed fast-
> track case management report within twenty-four
> hours of the conclusion of the mediation
> conference. In the event mediation does not result
> in settlement of this action, the parties shall
> file a separate notice informing the Court of the

> **legal issues** they believe will need to be resolved
> at the summary judgment stage **and/or the factual**
> **matters** they believe will be at issue during trial.
>
> 13. After review of the parties' fast-track case
> management report, the Court will determine if a
> Case Management Hearing is required. If a Case
> Management Hearing is required, the Court will
> conduct such hearing approximately one week after
> the parties' mediation conference. The Court will
> enter a notice indicating the date and time of the
> hearing. Counsel are advised that this case will be
> set for trial approximately 90-120 days after the
> mediation conference. At the Case Management
> Hearing, this Court will address any scheduling
> conflicts the parties may have.

(<u>Id.</u> at ¶¶ 12, 13) (emphasis added).

On March 15, 2017, Plaintiff's counsel filed the notice

of mediation "[p]ursuant to the Court's Fast-Track Scheduling

Order." (Doc. # 13). Mediation was scheduled for June 21,

2017. (Doc. # 14). The mediator timely filed his mediation

report on June 21, 2017, indicating the parties had reached

an impasse. (Doc. # 40).

In light of the notice of impasse, the Court entered an

Order on June 22, 2017, reminding the parties of their

obligations under the Scheduling Order. In particular, the

Court stated:

> The parties mediated on June 21, 2017. (Doc. # 40).
> Mediation did not result in a settlement. (Id.).
> Under the Court's Scheduling Order, the parties
> need to file their jointly completed fast-track
> case management report today. (Doc. # 9 at 9-10).
> The parties are also reminded of their obligation

to file a "notice informing the Court of the legal
issues they believe will need to be resolved at the
summary judgment stage and/or the factual matters
they believe will be at issue during trial." (Id.
at 10). Finally, as noted in the Court's June 12,
2017, Order, the Court reserves the right to
require a second round of mediation.

(Doc. # 41). Despite more than three months of notice and a
same-day reminder, Plaintiff failed to comply with paragraph
12 of the Scheduling Order. Thus, the Court ordered Plaintiff
to show cause. (Doc. # 42).

It was only after the Court ordered Plaintiff to show
cause that the parties submitted the fast-track case
management report. (Doc. # 43-1). As of this Order, the
parties still have not complied with paragraph 12 of the
Scheduling Order, however, because they have not submitted
the legal and/or factual issues that remain.

After reviewing Plaintiff's response to the order to
show cause and the submitted fast-track case management
report, the Court determines a Case Management Hearing is
needed for this case. As noted by paragraph 13 of the
Scheduling Order,

[i]f a Case Management Hearing is required, the
Court will conduct such hearing approximately one
week after the parties' mediation conference. The
Court will enter a notice indicating the date and
time of the hearing. Counsel are advised that this
case will be set for trial approximately 90-120
days after the mediation conference.

3

(Doc. # 9 at ¶ 13). "Absent compelling circumstances and leave of Court, lead counsel must appear in person at the Case Management Hearing." (<u>Id.</u> at ¶ 14).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to set this case for a Case Management Hearing on Friday, July 7, 2017, at 9:00AM. As noted in the Scheduling Order and herein, absent compelling circumstances and leave of Court, lead counsel must appear in person at the Case Management Hearing.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of June, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE